CORNELIUS F. KINGSLAND, as Trustee under the Will of AMBROSE C. KINGSLAND, Deceased, Appellant, *v.* EDGAR C. FULLER et al., Defendants; ALBERT J. G. RIEMANN, Respondent.

1. FORECLOSURE SALE — CHARGE UPON LAND REFERRED TO IN NOTICE OF SALE — PURCHASER BOUND TO PERFORM. Where an instrument of record, imposing a restriction upon the use of the mortgaged land, is distinctly referred to in the notice of sale on foreclosure, and the purchaser makes his bid and signs the terms of sale with full knowledge of the actual visible situation and of the contents of the instrument referred to in the notice, he cannot refuse to complete his contract by reason of the existence of any charge imposed upon the land by the instrument.

2. IMMATERIAL DISCREPANCY OF DESCRIPTION IN NOTICE OF SALE. The mere fact that, by a clerical error, the reference in a notice of sale to a recorded instrument imposing a restriction upon a portion of the land along the easterly wall of the adjoining building mentions the westerly wall of that building, does not excuse the purchaser from performing his contract, where it is apparent that on reading the instrument no one could be misled by the error in the notice, and the purchaser, before making his bid, inspected the premises and ascertained their actual situation.

*Kingsland* v. *Fuller*, 31 App. Div. 313, reversed.

(Argued November 21, 1898; decided January 10, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1898, affirming an order of the Special Term denying a motion to compel the purchaser at a foreclosure sale to complete his purchase.

The facts, so far as material, are stated in the opinion.

*J. Frederic Kernochan* and *Henry F. Miller* for appellant. The purchaser should be held to the single objection upon which he based his refusal to comply with his agreement. (*Winne* v. *Reynolds*, 6 Paige, 407; *Benson* v. *Crowell*, 6 Abb. Pr. 83; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Wyckoff* v. *Meyers*, 44 N. Y. 143; *Tilden* v. *O. B. Co.*, 27 App. Div. 510.) The original objection made, viz., that the word "westerly," relating to the wall, was erroneous, is frivolous. (*Heller*

v. *Cohen*, 9 App. Div. 465; 1 Greenl. on Ev. [14th ed.] § 301;
2 Black. Comm. 143; 4 Kent's Comm. 462; *Dodge* v. *Pot-
ter*, 18 Barb. 193; *Robinson* v. *Kime*, 70 N. Y. 147; *Masten*
v. *Olcott*, 101 N. Y. 152; *Brookman* v. *Kurzman*, 94 N. Y.
272; *Grandin* v. *Hernandez*, 29 Hun, 399; Jones on Mort.
§ 529.) The purchaser's subsequent objection, first disclosed
upon the hearing in court, viz., that the agreement, subject to
which the sale was made, is an incumbrance, is not maintain-
able by him. (Jones on Mort. § 593; *Riggs* v. *Pursell*, 66
N. Y. 193; *Reed* v. *Gannon*, 50 N. Y. 345; *Chesterman* v.
*Gardner*, 5 Johns. Ch. 29; *Gilbert* v. *Peteler*, 38 N. Y. 165;
*King* v. *Bardeau*, 6 Johns. Ch. 38; Washb. on Ease. 68.)
The purchaser will not be suffered to speculate at a fore-
closure sale, and if he happens to make a bad bargain he can-
not abandon his purchase on some nice but immaterial objec-
tion. (*Riggs* v. *Pursell*, 66 N. Y. 193.) The order appealed
from is reviewable by this court. (*Ainslie* v. *Hicks*, 153 N.
Y. 643; *Holme* v. *Stewart*, 155 N. Y. 695.)

*Henry Hoyt* for respondent. The order appealed from
being discretionary no appeal lies to this court. (*Fisher* v.
*Hersey*, 78 N. Y. 387; *Dennerlein* v. *Dennerlein*, 111 N. Y.
518.) It was the plain duty of the auctioneer and those inter-
ested in the sale to have frankly and fairly stated that the
agreement under consideration did not relate to the westerly
wall of the building adjoining on the east, but to the easterly
wall of the building adjoining on the west, and the true char-
acter of the agreement should also have been stated; thus it
would have appeared that it was a burden and charge instead
of a right, privilege and easement. (Code Civ. Pro. § 1678;
Thomas on Mort. 660, § 1010; *Veeder* v. *Fonda*, 3 Paige, 94;
*Crane* v. *Lawrence*, 7 Wkly. Dig. 517.) But assuming those
representing the mortgagee to have acted in entire good faith
in not declaring the true status at the time of sale, the court
will relieve the purchaser. (*Riggs* v. *Pursell*, 66 N. Y. 199;
*Seaman* v. *Hicks*, 8 Paige, 655; *Dunn* v. *Herbs*, 56 Hun,
457.)

O'BRIEN, J. The plaintiff made an application to the court in this action to compel the purchaser of premises sold at public sale under a judgment of foreclosure to accept the referee's deed and complete his purchase. No objection is made to the foreclosure proceedings. They were in all respects regular and the judgment valid. In pursuance of the judgment, the premises were sold by the referee at public auction after due publication of the notice of sale. The purchaser admits that some days before the sale he read the notice, and it appears, without contradiction in the moving papers, that the notice and terms of sale were distinctly read at the sale. The purchaser, who now refuses to accept the deed, signed the usual memorandum stating that he had purchased the premises described in the annexed printed " advertisement of sale," and agreed to comply with the terms and conditions and to complete the purchase on the 16th of March, 1898. The time was extended at his request until the 14th of April following. On that day the referee tendered to him a deed duly executed in pursuance of the judgment and in conformity. with the terms of sale, and requested payment of the balance of the purchase money with interest. The purchaser declined to receive the deed or complete the purchase, on the ground that there was a material clerical error in the description of the premises. The nature of that error will appear hereafter. No other excuse was then made by the purchaser for refusing to comply with the terms of the sale.

Subsequently the attorneys for the plaintiff in the judgment instituted these proceedings to compel the purchaser to accept the deed and to complete his purchase. The only answer to this application that the purchaser makes is that by a written agreement of record between a prior owner of the premises and the owner of the adjoining house and lot, a charge or burden was imposed upon the premises which is in the nature of an incumbrance, and in so far as that instrument affects the title to the property the referee's deed will not convey an absolute title in fee.

It appears that the premises are correctly described by metes

and bounds in the notice of sale.   The sale was made subject
to the agreement made between the prior owner and the other
party to the instrument, giving the date thereof and the time
and place of record in the notice of sale.   The question,
therefore, is not whether this instrument imposes a charge or
burden upon the premises, but whether the purchaser was
tendered a deed which conveyed to him the title which he
purchased.

When mortgaged premises are described in the notice of
sale, and are actually sold subject to an outstanding incum-
brance, which is referred to in the notice and at the sale,
the purchaser is chargeable with knowledge of the contents
thereof.   He is supposed in law to have read the instrument
and to have made his bid and signed the conditions of sale
with a view to its provisions, and he is also chargeable with
knowledge of what was apparent and obvious upon the
premises.   (*Riggs* v. *Pursell*, 66 N. Y. 193.)   The agree-
ment or instrument which affects the title to the premises in
question provided that the owner of the house and lot should
have the right to insert in the easterly wall of the adjoining
house already built, the floor and roof timbers to the depth of
four inches inward from the easterly face of said wall, and
also to make such necessary additions to such wall for flue or
fire places as should be necessary or convenient.   In considera-
tion of this privilege the owner of the premises in question,
his successors and assigns, became bound not to erect any
building on their lands which should extend more than forty-
five feet in distance southwardly from the building line of
Sixty-fifth street, and that any back building or extension
should be at least eight feet distant easterly from the easterly
face of the wall of the adjoining house.   The covenants in
this agreement undoubtedly ran with the land and imposed
restrictions upon its use.   But since the instrument was dis-
tinctly referred to in the notice of sale, and at the sale, the
plaintiff made his bid and signed the terms of sale subject to
all of its provisions.   He is presumed to have read the instru-
ment and to have become informed with respect to its con-

tents, and thereby he was chargeable with notice of its effect upon the title to the premises. Moreover, it is undisputed that before the date of sale the purchaser went upon the premises and inspected them. The vacant space of eight feet which the instrument provided for was perfectly apparent and obvious to every one. Therefore, the purchaser having made his bid with full knowledge of the situation, and also with knowledge of the contents of the instrument referred to in the notice, he cannot now refuse to perform his contract by reason of the existence of any charge imposed upon the land by the instrument. (*Reed* v. *Gannon*, 50 N. Y. 345 ; Jones on Mortgages, sec. 593 ; *Gilbert* v. *Peteler*, 38 N. Y. 165 ; *King* v. *Bardeau*, 6 John. Ch. 38 ; *C. V. Bank* v. *Delano*, 48 N. Y. 326.)

When a purchaser has knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that which he is about to purchase, he is presumed either to have made the inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence fatal to his plea of ignorance. ( *Williamson* v. *Brown*, 15 N. Y. 362.)

The purchaser in his affidavit, in opposition to this proceeding, does not even allege that he was ignorant of the contents of the instrument referred to, or the actual, visible situation of the premises. There is really but one ground upon which he relies to resist this application for specific performance, and that is that the published notice of sale, while it correctly described the parties to the instrument, its date and place of record, referred to the "rights, privileges and easements of said party of the first part in the westerly wall of the building adjoining said premises, derived through" said instrument. The agreement did not relate to the westerly wall of the adjoining building, but to the easterly wall. It referred to the westerly wall of the building in question, and to the easterly wall of the adjoining building. But on reading the agreement no one could be misled by this error of the printer or of the scrivener. The instrument is perfectly plain, and since the purchaser actually visited and inspected the premises

before his bid, the use of the word "westerly" instead of "easterly" in the notice describing the wall is quite immaterial. Such an objection is entirely without substance, and altogether too frivolous to justify a refusal to perform the contract. It seems to me that upon this application the purchaser presented no substantial or reasonable excuse, based either upon law or facts, which justified the court in relieving him from the performance of his contract. The property was advertised and offered for sale expressly subject to every burden and restriction imposed by the terms of a recorded instrument clearly described in the notice of sale which was publicly read at the sale before any bid was made. As already stated, the purchaser does not now allege that he was ignorant of the extent or scope of the restrictions or advantages created thereby, and whether he was or not, the law charges him with such knowledge. He inspected the premises and looked for himself, and thus acquired actual knowledge of the true situation. The owner of the house and lot offered for sale was restricted from covering the whole lot with a building, and was required after using the adjoining wall to leave an open space for light in the rear eight feet wide, beginning at a point forty-five feet from the street line. It could not be very material whether this restriction applied to the east or the west side of the lot, but if it was then the purchaser was clearly informed just where it was by the description in the notice of sale, by the terms of the instrument therein referred to, and to which the title sold was made subject, and finally by his own examination of the premises. He saw the open space which the instrument provided for, and having seen it with a view of bidding at the sale, cannot now claim, and does not claim, that he did not know whether it was on the east or the west side of the adjoining house, if that was of any consequence. The owner of the judgment under which real property is sold is entitled to know when the judgment has been executed, and whether the bidder is a real purchaser in good faith, or merely speculating on future contingencies, ready to perform if the bargain turns out to be a good one, or the property

advances in value, but equally ready to refuse performance in case of a decline.

It is difficult to see how any mortgagee who sells property under a judgment of foreclosure, subject to some outstanding incumbrance, can ever know with any certainty whether he has made a sale or not if the bidder, after signing his contract of purchase with full knowledge of the circumstances, can be permitted by the courts to refuse performance for reasons so devoid of substance and so apparently frivolous in character.

The order appealed from should be reversed and the application granted, with costs to the plaintiff in all the courts.

All concur, except Bartlett and Haight, JJ., dissenting, and Martin, J., absent.

Order reversed, etc. ——————————.