ANDREW BARBER, Appellant, *v.* HUDSON RIVER TELEPHONE COM-
PANY, Respondent.

*A written license to erect telephone poles, string wires and trim trees, construed — it
creates an easement — it is continuous — the right to cut trees must be reasonably
exercised — the existence of the poles and wires is notice to a purchaser of the land.*

The following instrument:

"HUDSON RIVER TELEPHONE CO.—RIGHT OF WAY VOUCHER.

"SANDY HILL, N. Y., *June* 1, 1901.

"Received from Hudson River Telephone Co. $5.00 Dollars for the right to
erect their telephone line along the highway in front of my premises in the
Town of Kingsbury, County of Washington, State of N. Y., and for the right
to maintain the same, with necessary poles, wires and guys, and to trim trees
so that they shall not come in contact with their wires.  No poles to be set in
front of the house.

"(Signed)  LEWIS T. BARBER, [L. S.]
"Witness: IRA P. AVERY.  (*Land Owner*),"

is sufficient to secure to the telephone company the easement which it purports
to grant.

Such easement is continuous and unlimited as to time.  It does not contemplate
the stringing of only a single wire, but so many wires as the telephone com-
pany shall find necessary to continue its business.

The right conferred by the instrument to trim trees, so that they shall not inter-
fere with the telephone wires, must be exercised with reasonable regard to the
right of the landowner to the enjoyment of his trees, and for any cutting of
the trees beyond such as is reasonably necessary for the protection of the tele-
phone wires, the telephone company is liable in trespass to the landowner.

The existence of the telephone wires and poles upon the land is constructive
notice of the telephone company's rights in the premises, which, although the
instrument creating the easement was not recorded, will render the easement
binding as against a subsequent contract vendee of the land, particularly
where the contract vendee has no conveyance which has been first recorded.

APPEAL by the plaintiff, Andrew Barber, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Washington on the 26th day of Octo-
ber, 1904, upon a nonsuit granted by the court after a trial at the
Washington Trial Term.

The action purports to have been brought under sections 1667 and
1668 of the Code of Civil Procedure.  The defendant is a tele-
phone corporation, maintaining a telephone line in front of the
premises occupied by the plaintiff.  At the time the line was first·

erected one Lewis T. Barber was the owner of said premises and executed and delivered to the defendant a paper of which the following is a copy.

"HUDSON RIVER TELEPHONE CO.— RIGHT OF WAY VOUCHER.
                    "SANDY HILL, N. Y., *June* 1, 1901.

"Received from Hudson River Telephone Co. $5.00 Dollars for the right to erect their telephone line along the highway in front of my premises in the Town of Kingsbury, County of Washington, State of N. Y., and for the right to maintain the same, with necessary poles, wires and guys, and to trim trees so that they shall not come in contact with their wires. No poles to be set in front of the house.
              "(Signed)      LEWIS T. BARBER, [L. S.]
"Witness: IRA P. AVERY.                  (*Land Owner*)."

Thereafter the plaintiff entered upon the premises under a land contract with the said Lewis T. Barber, whereby he agreed to pay said Barber the sum of $1,000 for said land, and upon which at the time of the bringing of this action he had paid between $300 and $400. When the telephone line was first erected the poles supported one crossarm upon which there were several wires. Prior to the commencement of this action the defendant's servants placed a second crossarm upon the pole preparatory to stringing wires thereupon, and proceeded to trim two trees in front of plaintiff's premises so that the branches should not come in contact with the wires which were already placed and the wires which were proposed to be placed upon the additional crossarm. This action is brought by the plaintiff for damage caused by such cutting. Upon the trial the defendant's motion for a nonsuit was granted. From the judgment entered thereupon the plaintiff here appeals. Further facts appear in the opinion.

*Erskine C. Rogers*, for the appellant.

*John A. Delehanty*, for the respondent.

SMITH, J.:

The right of way voucher, so called, purports to give to defendant an easement to maintain its telephone lines, with necessary poles,

wires and guys, with the right to trim trees so that they shall not come in contact with its wires. The paper is signed and witnessed and is, therefore, sufficient to secure to the defendant the easement which it purports to grant. From the nature of the right given that easement is one which is continuous, unlimited as to time. It does not contemplate the right to string a single wire but so many wires as the defendant shall find necessary for the purpose of conducting its business.

The right to trim trees so that they shall not interfere with those wires is not, however, a right to destroy trees or to injure them unnecessarily. That right must be exercised with reasonable regard to the right of the landowner to the enjoyment of his trees. For any excessive cutting of the trees beyond such cutting as is reasonably necessary for the protection of defendant's wires, defendant is liable to the plaintiff as for trespass.

I do not agree that the plaintiff is not bound by the granting of this easement. The right granted is good as against all future purchasers of the property, except as that right may have been lost by reason of the terms of section 241 of the Real Property Law.* This section reads : "Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property, or any portion thereof, whose conveyance is first duly recorded." The plaintiff can claim no rights under this provision of the statute. He is not a purchaser in good faith. The defendant's occupation by the existence of its wires and poles upon the farm was constructive notice of such rights as it might have in connection therewith. Moreover, the plaintiff has no conveyance which has been first duly recorded — a condition precedent to the benefits given by the statute.

The plaintiff insists, however, that he has shown an excessive cutting of the trees beyond any right which may be claimed under the instrument signed by the former owner of the premises. This action was apparently tried at the Trial Term upon the theory that the defendant was a trespasser *ab initio* and had no right whatever to cut the trees. Upon this theory evidence was given of the

---

* Laws of 1896, chap. 547.— [REP.

value of the farm before the cutting and after.   Part of the cutting
was lawfully done.   Plaintiff was asked upon the trial whether any
of these branches that were cut came in contact with the wires on
these crossarms before they were cut.   His answer was, " There
were quite a few that did not come in contaut."   It is for the exces-
sive cutting only. that he has any right of action, and there is no
attempted proof as to the damage caused to the premises by the
excessive cutting alone.   Without such proof plaintiff has established
no cause of action and his complaint was properly dismissed.

The judgment should, therefore, be affirmed, with costs.

All concurred; PARKER, P. J., in result; HOUGHTON, J., not
sitting.

Judgment affirmed, with costs.