O'BRIEN, P. J., INGRAHAM, HOUGHTON and SCOTT, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event. Order filed.

---

WILLIAM OPPENHEIM, Respondent, *v.* JOHN McGOVERN, Appellant.

First Department, October 19, 1906.

Vendor and purchaser — agreement by vendee to execute purchase-money mortgage of specific terms — vendor not entitled to mortgage containing different terms — recovery of deposit by vendee.

A vendee of real estate, who by the contract of sale agrees to give back as part consideration purchase-money mortgages to run for three years at five per cent interest, cannot be required to give a mortgage containing a clause which allows the mortgagee to foreclose within thirty days in the event of a statute being passed changing in any way the laws for the taxation of mortgages or the manner of collection of such tax. If the vendor refuses to perform except upon the execution by the vendee of mortgages containing such clause, the vendee is entitled to recover a deposit paid on the execution of the contract of sale.

Such contract looks to the future creation of a mortgage under terms set by the contract and differentiates the case from one where the incumbrance assumed by the vendee is one of record with notice of the terms of which he is chargeable.

APPEAL by the defendant, John McGovern, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of January, 1906.

*John P. Everett,* for the appellant.

*Morton Stein,* for the respondent.

CLARKE, J. :

This is an appeal from a judgment for the plaintiff entered upon a decision of a court at Trial Term, a jury having been waived.

The action was brought to recover back the sum of $1,500 paid by the plaintiff to the defendant upon a contract for the purchase and sale of real estate.

The sum sued for was the amount paid on the signing and delivery of the contract, which provided for the sale by the defendant to the plaintiff of a certain lot in the borough of The Bronx. The contract provided, among other things, as follows: "The vendee agrees to take said property and to pay the purchase price as follows: On the signing and delivery of this contract, the receipt of which is hereby acknowledged, $1,500. Upon closing of title and delivery of the deed, in cash or certified check, $20,500. By taking said property subject to two mortgages hereinafter described, $34,000. Each of said mortgages shall run for three years and bear interest at five per cent and shall contain a clause permitting the owner of the property to pay off either of said mortgages upon giving thirty days' notice in writing to the holder of the mortgage sent by mail to his last known post office or directory address."

Neither of the said mortgages was in existence at the time of the execution of the above-mentioned contract, nor had they been recorded up to the date of closing, nor had they been exhibited to the plaintiff until the parties met to close the title. At the date and place for closing, each of the parties being ready, willing and able to perform, the defendant presented to the plaintiff a deed and two mortgages, each of which said mortgages contained the following clause: "*Sixth.* In the event of the passage of any law of the State of New York deducting from the value of land for the purposes of taxation any lien thereon, or changing in any way the laws now in force for the taxation of mortgages or mortgage debts for State or local purposes or the manner of the collection of any such taxes, the holder of this mortgage and of the debt which it secures shall have the right to give thirty days' written notice to the owner of said land requiring the payment of the mortgage debt. It is

hereby agreed that if such notice be given the said debt shall become due, payable and collectible at the expiration of said thirty days, provided, however, that if and so long as the owner of the land lawfully may and shall pay all taxes that may from time to time after the passage of such above mentioned law accrue or be imposed upon this mortgage or on the debt which it secures, this mortgage shall remain in force and the maturity of the debt shall be postponed as if no such law had been passed."

Plaintiff refused to accept the deed and take title to the property subject to the mortgages then tendered, claiming that he had contracted for a mortgage running absolutely for the period of three years and bearing interest at the maximum rate of five per cent per annum, and that under the terms of the mortgage as submitted the term thereof might be cut down to thirty or sixty days or any other period less than three years, and the rate of interest to be paid thereon might be made five and one-half or six per cent per annum.

The defendant declined to strike out the clause objected to and plaintiff subsequently brought this action to recover the amount paid on executing the contract for sale.

It seems to me that the plaintiff was entirely justified in refusing to take the property subject to the mortgages tendered. He had made a contract for mortgages running for three years permitting him to pay off the same at any time upon giving thirty days' notice, said mortgages to bear interest at five per cent. Instead of such a mortgage he was tendered one which permitted the holder thereof to demand and compel its payment within thirty days, contingent only upon the passage by the Legislature of any law changing in any way the laws then in force for the taxation of mortgages or mortgage debts or the manner of collection of any such taxes. That this was not a remote or bare possibility is evidenced by the fact that a bill covering the precise matter referred to in the clause became a law by the signature of the Governor on June 3, 1905, twenty-nine days after the date of closing, and that another act on the same subject was passed by the Legislature of 1906, so that if said clause had been in the mortgage it would have been in the power of the holder thereof, within twenty-nine days after the taking of the title, to have demanded the full payment of the sum

of $34,000 within thirty days, instead of within three years, as had been provided by the contract for sale. The mere statement of the above facts demonstrates that the defendant did not tender to the plaintiff what the plaintiff had agreed to take. The breach of contract was, therefore, that of the defendant, and the plaintiff was justified in declining to complete the transaction. The case of *Feltenstein* v. *Ernst* (decided by the Appellate Term and reported in 49 Misc. Rep. 262 and 97 N. Y. Supp. 376, subsequently affirmed by this court in 113 App. Div. 903) is cited. But the facts in that case clearly differentiate it from the one at bar. In the *Feltenstein* case the mortgage was an existing mortgage at the time the contract was made and was on record in the register's office, and it was in view of that controlling fact that Mr. Justice Scott said : " The general rule respecting the purchase of land subject to incumbrances is that, if the purchaser has notice of the existence of the incumbrance and its general nature, he is chargeable with knowledge of the contents, terms and conditions thereof, and cannot avoid his purchase, no deceit or fraud having been exercised, because he did not acquaint himself with the particular terms of the incumbrance and finds them to be different from what he supposed. (*Riggs* v. *Pursell*, 66 N. Y. 193; *Kingsland* v. *Fuller*, 157 id. 510 ; *Blanck* v. *Sadlier*, 153 id. 551.)"

In the case at bar the mortgages were not only not of record, but they were not in existence at the time of the execution of the contract, in which it was agreed absolutely that the plaintiff should have three years in which to pay them off. It cannot be held that after he had contracted for a mortgage for three years, he had in contemplation when he signed the agreement, that he could be forced to accept a mortgage which he might be compelled to pay within thirty days without any default of his own. So to construe this contract would be to substitute the interpretation of the court for the clearly expressed will and intent of the contracting parties.

The judgment should be affirmed, with costs.

O'BRIEN, P. J., INGRAHAM, HOUGHTON and SCOTT, JJ., concurred.

Judgment affirmed, with costs. Order filed.