### FRANK et al. v. FRANK.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

VENDOR AND PURCHASER—PERFORMANCE OF CONTRACT—TITLE OF VENDOR—
    AGREEMENT TO TAKE SUBJECT TO MORTGAGE.
        Plaintiff agreed to take the title to land subject to a mortgage having at least one year to run. The mortgage on the land, although by its terms it was for one year, contained a clause that if the laws for the taxation of mortgages should be changed so as to increase the taxes, and the fee owner should neglect to pay the same, the mortgagee should have the option to make the mortgage due by a notice of 30 days to the owner. The agreement was made May 21, 1906, and Laws 1906, p. 1447, c. 532, changing the tax law by prescribing a recording tax on mortgages, and

providing that no other tax except a succession tax should be levied there-on, took effect on July 1, 1906, and the mortgage was recorded thereunder and the recording tax paid July 12, 1906. *Held*, that the improbable contingency of the state violating its pledge by imposing a different tax at the very next session of the Legislature did not substantially detract from the terms of the mortgage that it was to run for one year, so as to justify plaintiff in rejecting the title.

Appeal from Special Term, Kings County.

Action by Louis Frank and another against Solomon Frank. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

The action was to recover $3,000 paid by the plaintiff on a contract of purchase of real property of the defendant, and also the amount expended in searching the title.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Alexander Rosenthal, for appellant.
Edward Snyder, for respondents.

GAYNOR, J. The judgment should have been for the defendant. The agreement was that the plaintiff should take the title subject to a mortgage for $46,500 having at least one year to run. The plaintiff refused to take the title for the reason that although the said mortgage was by its terms to run for one year, it contained a clause that (in sum and substance) if the laws for the taxation of mortgages should be changed, so as to increase such taxes, and the fee owner should neglect to pay the same, the mortgagee should have the option to make the mortgage due by a notice of thirty days to such owner; and the question whether this did not make the mortgage one having less than a year to run is the only one presented to us. Chapter 729, p. 2059, of the Laws of 1905 levied an annual tax on all mortgage debts on real property. As such tax could be increased at any time by the Legislature, mortgagees had the said option clause put in mortgages very generally, and the printed blanks containing it remained in use after the said law was repealed. Chapter 532, p. 1447, of the Laws of 1906 repealed it and prescribed instead a recording tax of one half of one per cent. on mortgages, and provided that no other tax should be levied on mortgages thus taxed except the succession tax (Tax Law, Laws 1906, p. 1448, c. 532, § 291). This new law took effect on July 1, 1906. The contract in this case was made on May 21, 1906, and it made the deed day July 31, 1906. The said mortgage of $46,500 was recorded and the recording tax paid on July 12, 1906. If this promise of the state not to put any other tax on such mortgages be not a contract between the parties to such mortgages and the state (which we do not need to decide) and therefore not to be impaired by future legislation, the improbable if not impossible contingency of the state violating its plighted faith at the very next session of the Legislature did not substantially detract from the terms of the mortgage that it was to run for one year. The case is similar to that of Blanck v. Sadlier, 153 N. Y. 551, 47 N. E. 920, 40 L. R. A. 666. The case of Oppenheim v. McGovern, 115 App. Div. 135, 100 N. Y. Supp. 712, is not con-

trolling. It arose under the said law of 1905, which taxed mortgage debts annually, and might well be changed at any time; whereas the law of 1906 repealed the law of 1905, and substituted a recording tax in lieu of all taxes on mortgages (except as aforesaid), and declared that no other tax should be levied on a mortgage on which such recording tax should be paid. Moreover, the mortgage in that case had three years to run.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.