VENICE MARINA, INC., Respondent, v. JOHN SJOGREN, Tenant, and PLUM ISLAND FISHING STATION, INC., Appellant.— Motion for leave to appeal to the Appellate Division, to dispense with printing record on appeal and for other relief denied, with $10 costs. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

NATHAN WEINSTEIN et al., Appellants, v. JAY F. WILLIAMS et al., Respondents.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

EDITH W. BIRD et al., Respondents, v. SALT HILL CORPORATION et al., Appellants, et al., Defendants.— Appeal by defendants Salt Hill Corporation and Nelson, its president, from a judgment enjoining them from using certain real property owned by the corporate defendant for business purposes, including a commercial airport and a "Farmers' Market and County Fair." Judgment affirmed, with costs. We are of opinion that the trial court correctly found that appellants, prior to and at the time of the taking of title to said premises, had notice of the restrictive covenant in question. The abstract of title which they employed in connection with the taking of title indicated the presence of restrictive covenants. That should have suggested an inquiry which, if diligently prosecuted, would have disclosed the covenant (see *Williamson* v. *Brown*, 15 N. Y. 354, 362, 364, and *Kingsland* v. *Fuller*, 157 N. Y. 507, 511). Nolan, P. J., Wenzel, MacCrate and Schmidt, JJ., concur; Adel, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: Under the proof in this record it may not be held that the corporate appellant, at the time of taking title, had notice of the restrictive covenant in question. Furthermore, the covenants in the Bird and Julsrud deeds are personal and may not be enforced against the grantors' assignees. The covenants are not connected with a general plan of development. (*Clark* v. *Devoe*, 124 N. Y. 120; *Buffalo Academy of Sacred Heart* v. *Boehm Bros.*, 267 N. Y. 242.)