OLEN COVEY et al., Appellants, *v.* NIAGARA, LOCKPORT AND ONTARIO POWER COMPANY, Respondent.

Fourth Department, July 15, 1955.

*John Leo Sullivan* for appellants.

*Glenn W. Woodin* and *James A. O'Neill* for respondent.

WHEELER, J. The action is one for money damages for the alleged wrongful act of entering plaintiffs' premises and cutting trees without the permission of the plaintiffs. The answer sets forth an affirmative defense. It is alleged that the plaintiffs' immediate predecessor in title, on May 23, 1932, granted the defendant an easement to operate and maintain an electric line on the property, "with the right to cut and remove or to trim any trees as second party may from time to time deem necessary for the operation of the electric line ". The answer then alleges that the electric line existed on the premises at the time the plaintiffs acquired title and that " prior to acquiring title to said premises, examined it in the company of Harry H. Mosier, their grantor and the grantor of defendant's predecessor and were then acquainted with the existence of said line and of the right and the easement given therefor to defendant's predecessor." It is undisputed that the easement given by the plaintiffs' predecessor in title was not recorded.

At the close of all the evidence, the defendant on the suggestion of the court, moved for a directed verdict in its favor which was granted by the court on the authority of *Barber* v. *Hudson Riv. Tel. Co.* (105 App. Div. 154). We think it was error to direct a verdict upon the evidence adduced. The parcel of property purchased by the plaintiffs contained about eighty acres. On the road there was a house and barn. The consideration paid was $2,800. The electric line was constructed at the back end of the property. The plaintiff, Olen Covey, testified that he discovered the line nearly a year after his purchase; that about six months after purchase, he first went to the back part of the lot but did not then observe the poles. He testified that before he bought the property, he did not walk over the land. He bought it " on sight and unseen ". He said the line was not visible " to anybody [who] walked in that neighborhood." The plaintiff, Minnie A. Covey, testified that before the purchase, she saw nothing of the premises except the house and there were no poles visible from the house.

The defendant called Harry H. Mosier, the plaintiffs' grantor. He had executed the agreement for the easement to the defendant. He knew that the defendant had constructed the line across the parcel. He testified that Covey asked him about the extent of the property and he told him it went back to a fence. He did not take him to the rear of the property. He told Covey he would not walk to the back end of the farm for the whole farm. The deed to the plaintiffs from Mosier did not mention the right of way and there is no evidence that Mosier informed either plaintiff of its existence.

The appellants' position is that they were purchasers in good faith and for a valuable consideration; that as to them, the prior easement is void, pursuant to section 291 of the Real Property Law. The respondent's affirmative defense as set forth in the answer was that the plaintiffs, prior to purchase and in company with their grantor, examined the premises and knew of the existence of the line. Had such examination and knowledge of the line been shown, it would have constituted notice to the plaintiffs of apparent rights of the defendant and would have placed upon them the duty of inquiry as to what those rights were. In the absence of such inquiry where they had knowledge of the existence of the line, they could not contend they acted in good faith and could not avail themselves of section 291 of the Real Property Law. The trouble with the defendant's position is that no proof was made that the plaintiffs had knowledge of the existence of the electric line when they took title. We think that the error of the trial court lay in holding that the mere fact that the line was there constituted knowledge on the part of the plaintiffs of its existence. The court said: " the occupation by the defendant of this transmission line was constructive notice to the plaintiffs, these plaintiffs, whether they went back on the lot and looked at them or not." We know of no rule of law which requires a purchaser of a tract of land to carefully examine each and every square yard for the purpose of discovering some evidence of a physical nature which would put him on notice of a hostile claim of right. If that is the law, then the recording act is of little value and a purchaser relies upon the record at his peril in spite of the plain wording of section 291. As we view it, in a case like this, the question is whether the purchaser had actual knowledge of some fact which would put him upon inquiry. The cases of *Barber* v. *Hudson Riv. Tel. Co.* (105 App. Div. 154, *supra*) and *Rochester Poster Adv. Co.* v. *Smithers* (224 App. Div. 435) are not authority for the rule adopted by the trial court. In both cases,

there was evidence that the physical objects (power line in one case and advertising sign in the other) were in plain sight and known to the purchaser. In other words, the evidence was that the purchasers in each case had knowledge, in fact, of the physical objects upon the land they were about to buy. Such knowledge, of course, required them to make an inquiry in good faith or be held negligent in failing to do so. The evidence in the instant case shows, or at least the jury could have so found, that the plaintiffs had no knowledge of the line. Notice of a claim of right may be constructive. One illustration is the recording act itself. A purchaser may have no knowledge whatever of a prior lien but, if the instrument is on record, he has constructive notice of it and his lack of knowledge avails him nothing. Knowledge of a fact, however, cannot be constructive. A person either has knowledge of it or he does not. If these plaintiffs are to be charged with constructive notice of the rights of the defendant, it must be shown that they possessed, as a fact, knowledge of the existence of the line. Whether they had such knowledge was a question of fact for the jury. If it had been shown that as they came to the house, the poles and wires were in plain and open view for all to see, a jury might well doubt testimony that the plaintiffs did not see them. Here the question of knowledge and the question of credibility were taken from the jury.

The law of this case was apparently settled many years ago in *Williamson* v. *Brown* (15 N. Y. 354, 359, 362) where the question was carefully examined. The opinion reads in part: '' Constructive notice, on the other hand, is a legal inference from *established facts;* and like other legal presumptions, does not admit of dispute. \*. \* \* the true doctrine on this subject is, that where a purchaser has *knowledge of any fact,* sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a bona fide purchaser.'' (Italics supplied.) The *Williamson* case was cited and followed in *Kingsland* v. *Fuller* (157 N. Y. 507). In the *Kingsland* case, it was undisputed that prior to the sale, the purchaser went upon the premises and inspected them. It was said in the opinion (p. 512) '' He inspected the premises and looked for himself, and thus acquired *actual knowledge* of the true situation.'' Both the *Williamson* case and the *Kingsland* case were cited in *Bird* v. *Salt Hill Corp.* (282 App. Div. 1047).

In the *Bird* case, it was held that the purchasers, prior to and at the time of taking title, had notice of a restrictive covenant. The notice was based upon knowledge, since the abstract which they employed in taking title indicated the presence of restrictive covenants and put the purchasers upon inquiry.

In *Cassia Corp.* v. *North Hills Holding Corp.* (278 App. Div. 960) the *Williamson* case (*supra*) was cited. The memorandum recites: " The evidence indicates that plaintiff had knowledge, when it took the mortgage, of facts sufficient to put it on inquiry as to the existence of rights of others in conflict with the interest which it was about to acquire." In the absence of recording, it is always knowledge of facts which gives notice to a purchaser and which puts him upon inquiry. In *Goldstein* v. *Hunter* (257 N. Y. 401, 406), Judge CRANE quoted from *Larsen* v. *Peterson* (53 N. J. Eq. 88, 94) to the effect that " ' The parties should have either actual knowledge of the *quasi*-easement or knowledge of such facts as to put them upon inquiry.' " Knowledge or lack of it is for the jury to determine upon the evidence. (See, also, *Goldberg* v. *Manufacturers Trust Co.,* 199 Misc. 167, and *Matter of Reinhardt,* 202 Misc. 424.) Both of these cases cite and refer to the rule laid down in *Williamson* v. *Brown* (15 N. Y. 354, *supra*). Moreover, a conveyance made for a valuable consideration is presumed to be bona fide within the recording acts. (*Smith* v. *Pure Strain Farms Co.,* 180 App. Div. 703.) Nor does the mere omission to inspect premises constitute bad faith on the part of the purchaser.

The plaintiffs did not move for a directed verdict but maintained that whether they had knowledge of the line was a question of fact for the jury. The judgment dismissing the complaint should be reversed and a new trial ordered.

All concur, except VAUGHAN and PIPER, JJ., who dissent and vote for affirmance on the ground that the defendant's occupancy of the premises in question was open and visible and constituted notice to plaintiffs at the time they purchased the premises of the existence of defendant's easement.

Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment reversed, on the law, and a new trial granted, with costs to the appellants to abide the event.