■ Barbara H. Russell, Appellant, v Kimberley M. Perrone, Respondent. [754 NYS2d 403] —Cardona, P.J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 30, 2001 in Ulster County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

By deed dated and recorded May 17, 1956, Fabian Russell conveyed a parcel of land in the Village of Saugerties, Ulster County, to plaintiff and her late husband. At the time of that conveyance, Russell retained a contiguous parcel to the north. In the 1956 deed, a 33-foot wide right-of-way was also granted "along the Northerly line of [plaintiff's property] extending from the North Westerly corner of said property on Mynderse Street to the North Easterly corner of said property on other lands of Fabian L. Russell." In 1970, Russell conveyed the land upon which the right-of-way was located to Norman Farrell. While the 1970 deed excepted out of the grant, inter alia, the parcel conveyed to plaintiff in 1956 and also contained a reference to the liber and page of the 1956 deed as well as a metes and bounds description of plaintiff's parcel, the specific language describing the right-of-way was not repeated therein. The parcel granted by Russell to Farrell was later transferred through several mesne conveyances and was purchased by defendant in 1995. None of the later deeds contain a reference to the 1956 deed nor the disputed right-of-way described therein.

Plaintiff commenced this action pursuant to RPAPL article 15 seeking, inter alia, a judgment permanently enjoining defendant from interfering with her claimed right-of-way over defendant's property as derived from the 1956 deed. Defendant answered and asserted counterclaims, seeking, inter alia, a determination that the right-of-way created by the 1956 deed was extinguished because defendant was a subsequent bona fide purchaser for value without actual or constructive notice of the right-of-way. The parties cross-moved for summary judgment and Supreme Court, inter alia, granted defendant's motion, prompting this appeal.

Plaintiff contends that the exception language in the 1970 deed from Russell to Farrell was sufficient to place defendant on constructive notice of the right-of-way described in the 1956

deed. As a general rule, a prospective purchaser, such as defendant, need not search every chain of title from a common grantor to discover potential encumbrances on title (*see Witter v Taggart*, 78 NY2d 234, 239). Generally, "a deed conveyed by a common grantor to a dominant landowner does *not* form part of the chain of title to the servient land retained by the common grantor" (*id.* at 239 [emphasis in original]). Thus, an owner of a servient estate will be bound only if the encumbrance is recorded in his or her chain of title (*see Puchalski v Wedemeyer*, 185 AD2d 563, 565). On the other hand, "[w]hen a purchaser has knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that which he is about to purchase, he is presumed * * * to have made the inquiry and ascertained the extent of such prior right" (*Kingsland v Fuller*, 157 NY 507, 511; *see Cambridge Val. Bank v Delano*, 48 NY 326, 336; 14 Warren's Weed, New York Real Property, Title Examination § 1.02 [4th ed]; *see also* Real Property Law § 291-e [1], [2]).

Here, defendant maintains that since the exception language in the 1970 deed contained no language suggesting the existence of the right-of-way, she was not obligated to examine the contents of the 1956 deed referenced therein, which fell outside of her direct chain of title. However, upon review of the evidence and the relevant law, we cannot agree. Significantly: "In examining title to real property, any provision in a deed in the nature of an exception or a reservation should be carefully considered, since such a provision could have a serious effect on the title. * * * [W]hat might appear to be a mere casual phrase in the conveyance might be construed as at least sufficient to put the purchaser on notice of the existence of some right reserved or some property excepted" (5 Warren's Weed, New York Real Property, Exceptions and Reservations § 1.04 [4th ed]).

We conclude that the express reference to the 1956 deed by book and page number was sufficient to give rise to a duty of further inquiry on defendant's part to examine the instrument specifically referenced therein (*see Kingsland v Fuller, supra* at 511; *Cambridge Val. Bank v Delano, supra* at 336). Since such an examination of the deed is presumed to have been made, defendant is charged with notice of plaintiff's express right-of-way (*see Kingsland v Fuller, supra*) and, therefore, it cannot be said that defendant was a subsequent purchaser for value without notice (*see* Real Property Law § 291; *see also Astoria Fed. Sav. & Loan Assn. v June*, 190 AD2d 644, 645). Accordingly, Supreme Court erred in denying summary judgment to plaintiff.

Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion and denied plaintiff's cross motion; motion denied, cross motion granted and summary judgment awarded to plaintiff; and, as so modified, affirmed.