■ RONALD PUCHALSKI et al., Respondents, v ERIC N. WEDEMEYER, JR., Defendant, and SALVATORE CANDELA et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered October 2, 1991 in Delaware County, which denied defendants' motions for, *inter alia,* summary judgment dismissing the complaint.

The parties to this action are adjoining landowners in the Town of Andes, Delaware County. Defendants Salvatore Candela and Margaret Candela own a parcel of land in an area known as lot No. 88 that they bought from defendant Eric N. Wedemeyer, Jr. and his realty company. Defendant Joanne Snyder owns a separate parcel of property also located on lot No. 88. Plaintiffs own lot No. 2, located to the north of lot No. 88, and they claim that they possess an easement or right-of-way from lot No. 2 through property owned by Snyder and the Candelas (hereinafter collectively referred to as defendants) to lot No. 87 (located to the south of lot No. 88). Defendants disputed this claim and plaintiffs commenced this proceeding pursuant to RPAPL article 15 seeking a determination that the easement exists as they contend. Following joinder of issue, defendants and Wedemeyer moved for summary judgment requesting that the complaint be dismissed and that Supreme Court find their properties free of any claimed encumbrance by plaintiffs. In support of their motion, defendants submitted, *inter alia,* an abstract of title commissioned by the Candelas, which asserts that no easement or right-of-way as advanced by plaintiffs exists in defendants' chain of title. In opposition, plaintiffs principally submitted two recorded deeds containing easement language, which they assert was contained in defendants' chain of title and was overlooked in their abstract. Finding questions of fact on whether defendants were on record notice of the claimed easement, Supreme Court denied defendants' motion for summary judgment* and, upon reargument, affirmed that denial. This appeal by defendants followed.

We have examined the deeds submitted by both parties in support of their claims and conclude that Supreme Court inappropriately denied summary judgment to defendants dismissing the complaint against them. In determining the ultimate effect of an easement or restriction on the land of another, the general rule is that " '[i]n the absence of actual notice before or at the time of * * * purchase or of other exceptional circumstances, an owner of land is only bound by restrictions if they appear in some deed of record in the conveyance to [that owner] or [that owner's] direct predeces-

---

* In its decision, Supreme Court also dismissed defendants' counterclaims alleging that any easement that may have been granted was extinguished by adverse possession. On appeal, defendants make no argument with respect to this issue and it is, therefore, deemed abandoned *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

sors in title' " *(Witter v Taggart,* 78 NY2d 234, 238, quoting *Buffalo Academy of Sacred Heart v Boehm Bros.,* 267 NY 242, 250). It is not enough if the encumbrance is recorded in the chain of title of the dominant estate; it *must* be found in the servient estate's chain of title for that landowner to be bound *(see, Witter v Taggart, supra,* at 238). This is because the recording statute *(see,* Real Property Law art 9) "was designed to establish a public record which would furnish potential purchasers with notice, or at least 'constructive notice', of previous conveyances and encumbrances that might affect their interests" *(Andy Assocs. v Bankers Trust Co.,* 49 NY2d 13, 20). Accordingly, "[a] purchaser is not normally required to search outside the chain of title in order to determine if it is defective" *(Doyle v Lazarro,* 33 AD2d 142, 144, *affd* 33 NY2d 981), even if the restriction is "included in a deed to another lot conveyed by the same grantor" *(Witter v Taggart, supra,* at 239).

In this case, defendants maintain that, as the owners of the alleged "servient" estate, the purported easement had to be contained in their direct chain of title for them to be charged with notice of the encumbrance. Accordingly, in support of their summary judgment motion, defendants submitted an abstract tracing the history of lot No. 88 from 1894 to the present. Of relevance to this case are the first few conveyances in this chain of title. In April 1894, Mary Jackson conveyed lot No. 88 to James Liddle and his wife, Isabelle. Isabelle died at some point thereafter and Liddle acquired full rights to the property. In 1910, Liddle conveyed lot No. 88 to Reese Finkle and the property thereafter changed hands at various times until it was ultimately split up and sold to individuals such as defendants. Significantly, none of these deeds contain any mention of an easement over lot No. 88 in favor of the owner of lot No. 2. With respect to plaintiffs' chain of title, the record contains only three deeds, all with identical property descriptions referring to a piece of land known as the "Seath or Halstead lot" (hereinafter the Halstead lot). From their inclusion in the record it can be presumed that the description refers to lot No. 2 now owned by plaintiffs. The first deed, dated December 16, 1908, established that James Liddle conveyed the Halstead lot to Mallissa Liddle. The next deed, dated May 2, 1914, shows that Mallissa's executor conveyed the Halstead lot to Mary Lloyd. The last deed in the record with reference to this lot indicates that Mary Lloyd conveyed the Halstead lot to Corbett & Stuart, Inc. in September 1919.

In contrast to the deeds in defendants' chain of title, all the deeds apparently referring to plaintiffs' property contain language that, although exceedingly vague, could well refer to the easement over defendants' property that plaintiffs claim.

Indeed, plaintiffs indicate that their claim is predicated upon the 1908 deed from James Liddle to Mallissa Liddle which first contained the easement language. Assuming that the deed does refer to lot No. 2 and the easement was to run over lot No. 88, it can be assumed that, in 1908 prior to the conveyance to Mallissa Liddle, James Liddle owned both lot No. 88 and lot No. 2. As pointed out by defendants, however, when James Liddle conveyed lot No. 88 to Reese Finkle in 1910, he made no reference to the easement in favor of lot No. 2 in the deed to Finkle. As a result, the easement claimed by plaintiffs does not appear in a search of lot No. 88, the "servient" estate. Therefore, defendants cannot be charged with record notice of the encumbrance *(see, Doyle v Lazarro,* 33 AD2d 142, 144, *supra).*

As noted by the Court of Appeals in *Witter v Taggart* (78 NY2d 234, 239, *supra):* "A grantor may effectively *extinguish* or *terminate* a covenant [or restriction] when, as here, the grantor conveys retained servient land to a bona fide purchaser who takes title without actual or constructive notice of the covenant because the grantor and dominant owner failed to record the covenant in the servient land's chain of title" (emphasis supplied). Similarly, in this case, it appears that James Liddle effectively extinguished any easement he may have granted in 1908 to Mallissa Liddle over lot No. 88 when he conveyed lot No. 88 to Reese Finkle two years later without including the restriction in the Finkle deed. Significantly, "[o]nce an easement is extinguished, it is gone forever, as a general rule, and the servient estate is necessarily relieved of the burden" (49 NY Jur 2d, Easements, § 193, at 325). Here, because we do not find that proof submitted by plaintiffs in opposition to defendants' motion was sufficient to meet their burden of raising triable issues of fact *(see,* CPLR 3212 [b]), summary judgment in defendants' favor is appropriate.

Mikoll, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Salvatore Candela, Margaret Candela and Joanne Snyder for summary judgment dismissing the complaint; said motion granted, summary judgment awarded to said defen-

dants and complaint against them dismissed; and, as so modified, affirmed.