■ FRANK MAY ASSOCIATES, INC., Respondent, v FREDERICK BOUGHTON et al., Appellants. [721 NYS2d 154] —Mugglin, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered May 30, 2000 in Albany County, which, inter alia, granted plaintiff's motion for a preliminary injunction.

Defendant Frederick Boughton was the sole shareholder, officer and director of defendant Paragon Food Service, Sales & Marketing, Inc., a company engaged in the food brokerage business within New York. In 1998, defendants sold their assets (consisting of customer lists, covenants not to compete and goodwill) to plaintiff for a purchase price of 20% of the "actual collected revenue" by plaintiff from 23 specifically identified principals (customers) from October 1, 1998 to October 1, 2003. In addition to the purchase agreement, the parties signed covenants not to compete and a consulting agreement under which plaintiff hired Boughton as a consultant for a term of one year at $60,000, with annual options for four additional years. The covenants not to compete provided that defendants would be released in the event that plaintiff defaulted in making the required payments for more than 60 days following written notice.

As a result of a disagreement between plaintiff and Bough-

ton, Boughton's employment as a consultant was terminated and he became employed with a competing food brokerage business. The two largest principals on the customer list purchased by plaintiff followed Boughton to his new position. Simultaneously with the commencement of this action, in which plaintiff seeks injunctive relief and money damages stemming from the alleged breach of the noncompete covenant, it sought the issuance of a preliminary injunction barring further violations of the covenant not to compete. Defendants cross-moved for summary judgment on their counterclaim seeking a declaration that they had been released from the covenants not to compete as a result of plaintiff's breach in payments under the purchase agreement. Without a hearing, Supreme Court granted plaintiff's motion for a preliminary injunction and denied defendants' cross motion. Defendants appeal.

We affirm. To demonstrate entitlement to a preliminary injunction, plaintiff was required to show a probability of success on the merits, the danger of irreparable injury in the absence of a preliminary injunction and a balancing of the equities in its favor (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860; *Grant Co. v Srogi*, 52 NY2d 496). Applying these principles, it is clear that Supreme Court appropriately granted plaintiff a preliminary injunction during the pendency of this action.

Notably, defendants admit the existence of the noncompetition agreement and that Boughton is now working for a competitor. Moreover, defendants do not contest the reasonableness of the covenant, either as to geographic scope or time. As a result, plaintiff has established both the likelihood of success with respect to the enforcement of the noncompetition agreement (*see, Hay Group v Nadel*, 170 AD2d 398, 399) and, since this covenant not to compete was part of the consideration for the sale of an existing business with its goodwill, the element of irreparable injury (*see, Lund v Agmata Wash. Enters.*, 190 AD2d 577, 578). Moreover, Supreme Court properly balanced the equities in plaintiff's favor since Boughton joined a competing firm and, within one month, the two largest customers, representing nearly two thirds of Paragon's income in the six months preceding the sale to plaintiff, transferred their business to the competing brokerage.

Next, we address defendants' claim that plaintiff failed to demonstrate a likelihood of success on the merits. This argument is premised on the claim that plaintiff failed to pay defendants a full 20% commission on all income received from October 1, 1998 to December 31, 1998, which failure relieved

Boughton from his noncompetition agreement. Supreme Court properly observed that the nonpayment may be the result of a proper setoff for a prepurchase liability of Paragon that had been deducted by a customer from plaintiff's commission.

Additionally, a review of the record reveals the existence of other issues of fact, including, *inter alia*, the need for, and/or the sufficiency of, a notice of default as a condition precedent to the termination of the noncompete agreement and the intent of the parties, to the extent, if any, that the contract terms may be ambiguous.

The existence of issues of fact no longer serve, of and by themselves, to defeat an application for a preliminary injunction (*see*, CPLR 6312 [c]). We concur in Supreme Court's conclusions that plaintiff has made a sufficient showing of entitlement to preliminary relief despite the existence of factual issues and that, conversely, the existence of such factual issues is sufficient to defeat defendants' cross motion for summary judgment declaring their release from the agreements not to compete.

Crew III, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.