■ RONALD J. TERWILLIGER et al., Respondents, v JERRY VAN STEENBURG et al., Appellants, et al., Defendants. [823 NYS2d 239]—

Crew III, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered April 21, 2005 in Ulster County, which granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiffs and defendants Jerry Van Steenburg and Mary Van Steenburg (hereinafter collectively referred to as defendants) are the owners of neighboring parcels of real property located in the Town of Rochester, Ulster County. The parties' respective properties may be traced to a common grantor, Barney Rothberg. In 1982, Rothberg subdivided his land into several parcels as depicted on a map prepared by Bruce LaMonda. Rothberg thereafter conveyed title to one of those lots directly to plaintiffs by a deed dated and recorded on October 26, 1982.[1] The conveyance from Rothberg to plaintiffs included a number of rights-of-way including, insofar as is relevant to the instant appeal, a right-of-way known as Braziel Heights Road. Defendants, in turn, acquired their property through a series of conveyances beginning in August 1990.[2]

During the summer of 2002, a dispute between the parties arose as to the southern terminus of the Braziel Heights Road right-of-way. Plaintiffs essentially took the view that their deed from Rothberg conveyed a right-of-way that extended along the entire eastern border of their property and terminated at the southernmost boundary of defendants' land, i.e., the southern border of the 3.72-acre parcel. Defendants, on the other hand, maintained that plaintiffs' right-of-way terminated at the

---

1. Although plaintiffs' deed contains no reference to the LaMonda subdivision map, it appears that lot No. 5 on such map, consisting of 5.03 acres, generally corresponds to the parcel of land conveyed to plaintiffs by Rothberg. This lack of reference is not surprising given that the LaMonda map, although prepared in September 1982, did not receive preliminary approval by the local planning board until August 1983, some 10 months after plaintiffs' deed was recorded.

2. While not entirely clear from the record (not all of the relevant deeds are included), it appears that Rothberg conveyed title to what is depicted as lot No. 6 on the LaMonda map (consisting of 5.84 acres), as well as the 3.72-acre parcel generally south of lot No. 6, to Mary Van Steenburg, formerly Mary Barringer, and her then spouse in August 1990. Van Steenburg thereafter acquired title to the property in her name alone and subsequently conveyed the property by quitclaim deed to herself and Jerry Van Steenburg, as joint tenants with a right of survivorship, in November 1998.

northern end of the 3.72-acre parcel and, to that end, erected a wire fence and gate in that general vicinity, thereby blocking plaintiffs' access to the southern portion of Braziel Heights Road.

Plaintiffs thereafter commenced this action to quiet title to the disputed right-of-way. Defendants answered and asserted various counterclaims alleging, among other things, that plaintiffs improperly extended the right-of-way beyond the original terms of their deed and overburdened the right-of-way. Plaintiffs then moved for summary judgment seeking, among other things, to enjoin defendants from obstructing or otherwise interfering with plaintiffs' use of Braziel Heights Road. Supreme Court granted plaintiffs' motion, decreeing that plaintiffs had a valid and enforceable right-of-way over defendants' lands as depicted on plaintiffs' survey map and enjoined defendants from obstructing plaintiffs' free passage across the entirety of the subject right-of-way. Defendants now appeal from Supreme Court's order and the judgment entered thereon.

Preliminarily, we reject defendants' assertion that the LaMonda subdivision map is controlling as to the southern terminus of the disputed right-of-way. As Supreme Court correctly observed, defendants' 3.72-acre parcel was not part of the proposed subdivision in the first instance and, hence, the fact that the subdivision map does not show what is now known as Braziel Heights Road as extending to the southern border of the 3.72-acre parcel is of no moment. Moreover, "[t]he extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (*Hopper v Friery*, 260 AD2d 964, 966 [1999]; *see Higgins v Douglas*, 304 AD2d 1051, 1054 [2003]). To the extent that the instrument granting the easement and any map attached thereto differ as to the location of the easement, the description contained in the instrument should govern (*see* 49 NY Jur 2d, Easements § 94). It is only when "the instrument granting the easement does not directly specify its location, but refers to a map showing the location, [that] the map will control" (49 NY Jur 2d, Easements § 94). Such is not the case here. The extent of plaintiffs' easement clearly is described and set forth in the deed from Rothberg to plaintiffs and, as such, the LaMonda subdivision map plays no role in ascertaining or determining the nature and extent of plaintiffs' easement.

We do, however, agree with defendants that the record as a whole contains numerous questions of fact, including whether defendants' southern parcel indeed is burdened by the subject

easement, whether such easement, if initially granted by Rothberg, subsequently was extinguished, whether defendants had actual or constructive notice of the easement and, finally, whether plaintiffs overburdened the easement. Accordingly, plaintiffs' motion for summary judgment should have been denied.

As noted previously, the disputed right-of-way is set forth in plaintiffs' deed from Rothberg and, pursuant to the terms thereof, extends the entire eastern border of plaintiffs' parcel (852 feet) and terminates at the southern end of defendants' 3.72-acre parcel. No corresponding description, however, appears in the deeds contained in the record on appeal from Rothberg to, ultimately, defendants with regard to defendants' 3.72-acre parcel. In this regard, the Court of Appeals has made clear that "[t]he recording statutes in a grantor-grantee indexing system charge a purchaser with notice of matters only in the record of the purchased land's chain of title back to the original grantor" (*Witter v Taggart*, 78 NY2d 234, 238 [1991]; *see Puchalski v Wedemeyer*, 185 AD2d 563, 564-565 [1992]). Hence, a purchaser ordinarily is not required to search outside his or her chain of title even where, as here, the parcels in question have been deeded out from a common grantor (*see Witter v Taggart, supra* at 238-239; *Farrell v Sitaras*, 22 AD3d 518, 519-520 [2005]; *Puchalski v Wedemeyer, supra* at 565). As "a deed conveyed by a common grantor to a dominant landowner does *not* form part of the chain of title to the servient land retained by the common grantor" (*Witter v Taggart, supra* at 239), it necessarily follows that the owner of the servient estate will be bound by the subject encumbrance only if it is recorded in his or her chain of title (*see Russell v Perrone*, 301 AD2d 835, 836, [2003], *amended* 1 AD3d 789 [2003]).[3] Although we share the concern expressed in the dissent that this rule is contrary to the purpose of the recording act in that it essentially permits a common grantor to convey more title than he or she has retained, we are constrained by the detailed analysis in *Witter v Taggart* (*supra*), which we find to be controlling.

Here, as noted previously, the record does not contain a complete set of deeds for defendants' parcels, nor does it contain either a full abstract of title or an affidavit attesting to the results of a title search of defendants' parcels. Accordingly, we

---

3. Although a narrow exception to this rule has been carved out in counties where a "block and lot" indexing system is used (*see Farrell v Sitaras, supra* at 520), Ulster County utilizes the grantor-grantee system of indexing (*see Fekishazy v Thomson*, 204 AD2d 959, 960 [1994], *appeal dismissed* 84 NY2d 844 [1994], *lv denied* 84 NY2d 812 [1995]).

cannot definitively determine whether Rothberg granted plaintiffs an easement over defendants' 3.72-acre parcel or, if so, whether such easement subsequently was extinguished.

Moreover, while it is true that "[w]hen a purchaser has knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that which he is about to purchase, he is presumed either to have made the inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence fatal to his plea of ignorance" (*Kingsland v Fuller*, 157 NY 507, 511 [1899]; *see Russell v Perrone, supra* at 836), the record before us does not address, much less resolve, the issue of whether defendants otherwise had actual or constructive notice of the easement contained in plaintiffs' deed. As the issue of whether defendants' 3.72-acre parcel is burdened by the easement set forth in plaintiffs' deed cannot be resolved on the record before us, it necessarily follows that we cannot determine at this juncture whether plaintiffs overburdened the right-of-way and, accordingly, the grant of summary judgment to plaintiffs and the corresponding dismissal of defendants' counterclaims was premature.

Mercure, J.P., and Spain, J., concur.

Mugglin, J. (dissenting). We respectfully dissent because it is our view that *Witter v Taggart* (78 NY2d 234 [1991]) does not require the conclusion that plaintiffs' easement is not found in the chain of title of defendants Jerry Van Steenburg and Mary Van Steenburg (hereinafter collectively referred to as defendants). The phrase "chain of title" refers to the list of successive owners of the property. Where, as here, conveyances are indexed using the grantor-grantee method, each successive owner is searched from the date of the deed by which title was acquired to the date of recording of the deed by which title was conveyed. While we agree with the observation that conveyances out of the common grantor no longer form part of the chain of title to the remaining land (that is, here an abstractor would not continue to search the plaintiff in the defendant's chain of title), such conveyances out should be shown as exceptions if an interest, such as an easement, has been conveyed across the remaining lands.

In searching the common grantor (Barry Rothberg), the recorded deed conveying the easement to plaintiffs, "the heirs and assigns forever," should have been discovered. As the Court of Appeals stated in *Witter v Taggart* (*supra*), "[a] grantor may effectively extinguish or terminate a covenant when, as here, the grantor conveys retained servient land to a bona fide purchaser

who takes title without actual or constructive notice of the covenant because the grantor and dominant owner failed to record the covenant in the servient land's chain of title" (*id.* at 239). However, as the Court noted, recording in the servient chain of title prevents that result. That is exactly what has occurred here. The public record furnishes potential purchasers with at least constructive notice of previous conveyances that affect their interest (*see Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13, 20 [1979]). Thus, we would hold that plaintiffs' deed is in the *direct* chain of title to defendants' premises and defendants are therefore charged with constructive notice of the existence of the easement conveyed in plaintiffs' deed at the time of their purchase. Any contrary holding eviscerates a purpose of the recording act and permits a common grantor to convey more title than he or she has retained. Finally, we would hold that defendants' conclusory and unsubstantiated assertions raise no issue of fact as to whether the right-of-way has been extinguished or that plaintiffs have overburdened its use, thus justifying dismissal of defendants' counterclaims. Thus, we would affirm Supreme Court's order and judgment.

Kane, J., concurs. Ordered that the order and judgment are reversed, on the law, without costs, and plaintiffs' motion denied.