Sardino v Scholet Family Trust (2021 NY Slip Op 01820)





Sardino v Scholet Family Trust


2021 NY Slip Op 01820


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

530762

[*1]Kathleen Sardino et al., Respondents,
v
Scholet Family Trust et al., Defendants, and Arthur Scholet et al., Appellants.

Calendar Date: February 10, 2021

Before: Lynch, J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ.


The Law Office of Laura E. Ayers, Delanson (Laura E. Ayers of counsel), for appellants.
Young/Sommer LLC, Albany (Allyson M. Phillips of counsel), for respondents.



Lynch, J.P.
Appeal from an order of the Supreme Court (Kupferman, J.), entered December 17, 2019 in Hamilton County, which granted plaintiffs' motion for a preliminary injunction.
The parties own adjacent parcels of property along the south shore of Big Moose Lake in the Town of Long Lake, Hamilton County. Plaintiffs' families have owned or occupied their respective properties (hereinafter referred to as the Sardino Property and the Williamson Property) since the 1950s. Plaintiffs access their properties over a roadway referred to as the East Bay Extension (hereinafter the subject roadway), which extends in sequence from Judson Road across the property of defendants Arthur Scholet and Diane Scholet (hereinafter the Scholet defendants), the property of defendants Cosanne Schneberger and Scott Schneberger (hereinafter the Schneberger defendants), the Williamson Property and ending at the Sardino Property.
In 1968, plaintiffs' predecessors acquired a permanent easement over Judson Road from William Judson, who, in turn, agreed to extend Judson Road to the boundary of the Scholet defendants' property. The easement agreement required plaintiffs' predecessors to pay the costs and maintenance fees for the upkeep of Judson Road. Plaintiffs maintain that the Judson Road easement was obtained in conjunction with an agreement between the parties' predecessors to construct the subject roadway in exchange for a permanent easement or right-of-way to their respective parcels. The subject roadway was completed in 1969 and, according to plaintiffs, the parties have equally shared the maintenance costs ever since. Up until the present dispute began in 2018, the subject roadway provided the only means of overland access to plaintiffs' properties.
In June 2018, the Scholet defendants obtained a permit from the Adirondack Park Agency to construct a new road on their property, while converting the portion of the subject roadway crossing their property to private use. The permit required continued access for the other lot owners. An impasse occurred when the Scholet defendants admittedly declined to grant an easement or right-of-way to plaintiffs over the new road, taking the position that plaintiffs' historical use of the subject roadway was permissive only.
This action pursuant to RPAPL article 15 ensued, with plaintiffs seeking a determination of their right to use the subject roadway under theories of easement by estoppel and easement by prescription. In November 2019, after issue was joined, Supreme Court granted plaintiffs' application for a preliminary injunction allowing their continued use of the subject roadway pending the outcome of the litigation and fixed the amount of the undertaking at $1. The Scholet defendants and the Schneberger defendants appeal.
We affirm. "The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of the equities [*2]in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; see Biles v Whisher, 160 AD3d 1159, 1160 [2018]). Whether to grant such provisional relief rests within the sound discretion of the trial court (see Biles v Whisher, 160 AD3d at 1160). "An easement by estoppel may arise when, among other things, a party reasonably relies upon a servient landowner's representation that an easement exists" (MJK Bldg. Corp. v Fayland Realty, Inc., 181 AD3d 860, 862 [2020] [citations omitted]; see U.S. Cablevision Corp. v Theodoreu, 192 AD2d 835, 838-839 [1993]). To establish a prescriptive easement, a party "must show that the use of the easement was open, notorious, hostile and continuous for a period of 10 years" (Schwengber v Hultenius, 160 AD3d 1083, 1084 [2018] [internal quotation marks, ellipsis and citations omitted]; see Bekkering v Christiana, 180 AD3d 1276, 1278 [2020]).
On this record, we readily conclude that Supreme Court acted within its discretion in both granting the injunction and setting a nominal amount for the undertaking. Plaintiffs averred that their families have openly and continuously used the roadway for 50 years, all the while contributing to the roadway's upkeep. Moreover, plaintiffs reasonably maintained that their ancestors would not have acquired a permanent easement over Judson Road without a further agreement that their families would have a permanent right-of-way over the extension roadway they agreed to help build. These factors provide a sound basis for plaintiffs' claims of both an easement by estoppel and an easement by prescription. As for irreparable harm, without use of the subject roadway and given that the Scholet defendants' construction plans include a "locked gate" across it, plaintiffs' access would be limited to the waters of Big Moose Lake. While the Scholet defendants maintained that continued traffic posed a safety concern for their grandchildren, plaintiffs' use of the subject roadway for five decades tips the balance of equities in their favor (see Cangemi v Yeager, 185 AD3d 1397, 1400 [2020]).
Finally, we are mindful that a plaintiff is required to give an undertaking in an amount fixed by the court upon the issuance of a preliminary injunction but find the nominal sum imposed warranted under the circumstances (see CPLR 6312 [b]). The amount of an undertaking must be rationally related to the damages that the defendants established that they might sustain if an injunction were improperly granted (see Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d 872, 874 [2017]). The Scholet defendants and the Schneberger defendants offered only a speculative argument as to the alleged $40,000 cost of the proposed roadway and, while counsel fees may be considered for a successful challenge (see Matter of Citizens for St. Patrick's v City of Watervliet Zoning Bd. of Appeals, 130 AD3d 1338, 1340 [2015], lv dismissed 27 NY3d 1059 [2016]), that is not the case here.
Aarons, Reynolds Fitzgerald [*3]and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.