Camp Bearberry, LLC v Khanna (2023 NY Slip Op 00009)

Camp Bearberry, LLC v Khanna

2023 NY Slip Op 00009

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

533703
[*1]Camp Bearberry, LLC, Respondent,
v
Rachel Khanna, as Trustee, Appellant.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Bousquet Holstein, PLLC, Syracuse (Gregory D. Eriksen of counsel), for appellant.
Law Office of James M. Brooks, Lake Placid (James M. Brooks of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Glen T. Bruening, J.), entered June 17, 2021 in Essex County, which granted plaintiff's motion for a preliminary injunction.
The parties own adjacent parcels of property in the Chipmunk Lane area subdivision next to Lake Placid in the Town of North Elba, Essex County. Plaintiff is the owner of lot 5 and defendant is the owner of lot 3. Two nonparties own lots 6 and 7. Lots 3, 6 and 7 have access to Chipmunk Lane, but lot 5 does not. Plaintiff accesses Chipmunk Lane from an easement to use a common driveway over lots 3, 6 and 7, granted by the original owner in 1980 with an additional triangular-shaped easement over lot 3 added in 1982.
In 2015, the individual who then owned lot 5 — and who is plaintiff's current managing member — agreed to release her driveway easement over lots 6 and 7 in exchange for a parking easement and ownership of a strip of vacant land over lot 6. An attorney for the owners of lots 6 and 7 completed the transaction, drafting a deed to that effect. The owner of lot 3 was not involved in the transaction. In 2018, defendant purchased lot 3. During the course of a construction project thereon, defendant contended that a map was discovered with the 2015 deed that visually depicted the release of the easement over lot 3 in addition to the easements over lots 6 and 7. Plaintiff refuted the validity of the map and continued to use the easement over lot 3 until defendant began to block access in late 2020.
Plaintiff commenced this action pursuant to RPAPL article 15, CPLR 3001 and article 63 seeking, among other things, a declaration of plaintiff's easement rights and a permanent injunction against defendant barring inference with such rights. Plaintiff also sought a preliminary injunction restraining defendant from blocking or barricading the common driveway and the easement that passes from Chipmunk Lane over lot 3 and to lot 5.[FN1] Defendant joined issue and opposed such relief. Supreme Court granted plaintiff's motion, and defendant appeals.
We affirm. "The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Sardino v Scholet Family Trust, 192 AD3d 1433, 1434 [3d Dept 2021] [internal quotation marks and citations omitted]; see CPLR 6301). "The decision to grant or deny a request for a preliminary injunction is committed to the sound discretion of the trial court, and our review is limited to whether Supreme Court has either exceeded or abused its discretion as a matter of law" (Biles v Whisher, 160 AD3d 1159, 1160 [3d Dept 2018] [internal quotation marks and citations omitted]).
"An easement appurtenant is created through a written conveyance, subscribed by the grantors, that burdens the servient estate for the benefit of the dominant estate" (Dornan v Fort Ann Cent. Sch. Dist., 201 AD3d 1229, 1230 [3d Dept 2022] [internal quotation marks [*2]and citations omitted]). "The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Northwood Sch., Inc. v Fletcher, 190 AD3d 1136, 1139 [3d Dept 2021] [internal quotation marks and citations omitted]). "Once such easement is created, it can only be extinguished by abandonment, conveyance, condemnation or adverse possession" (Witecki v Saratoga Lakeside Acres Assn., Inc., 201 AD3d 1175, 1177 [3d Dept 2022] [citation omitted]). "To the extent that the instrument granting the easement and any map attached thereto differ as to the location of the easement, the description contained in the instrument should govern" (Terwilliger v Van Steenburg, 33 AD3d 1111, 1113 [3d Dept 2006] [citation omitted]; see Cannon v Hampton, 198 AD3d 1230, 1233 n 3 [3d Dept 2021]; see also Matter of City of New York, 267 NY 212, 221 [1935]).
On this record, Supreme Court acted within its discretion in granting the preliminary injunction. The deeds submitted by plaintiff from 1980 and 1982 established an easement appurtenant in the form of a common driveway over lots 3, 5, 6 and 7, for the benefit of plaintiff's lot 5. Although defendant contends that the 2015 transaction resulted in the easement being released over lot 3, the language of the deed specifically references the portion of the easement being released as that "over or through Lot 7 and Lot 6" — with no express reference to lot 3. To the extent that the attached map visually depicts the easement over lot 3 as also being released, this differs from the language of the deed which governs (see Terwilliger v Van Steenburg, 33 AD3d at 1113). The affidavits submitted by plaintiff further support the position that the easement was not intended to be extinguished as to lot 3, and the affidavits submitted in opposition by defendant establish the existence of factual questions for trial, which does not prevent a party from establishing a likelihood of success on the merits (see Cooperstown Capital, LLC v Patton, 60 AD3d 1251, 1252-1253 [3d Dept 2009]; Lew Beach Co. v Carlson, 57 AD3d 1153, 1155 [3d Dept 2008]). Therefore, on the record before us, we are satisfied that plaintiff established a likelihood of success on the merits (see generally Sardino v Scholet Family Trust, 192 AD3d at 1434).
Plaintiff also demonstrated a danger of irreparable harm and a balance of the equities in its favor. The affidavits and photographs submitted by plaintiff demonstrate that defendant blocked the common driveway in a manner that precludes vehicle access to or from lot 5 by plaintiff, its invitees and emergency vehicles (see Sardino v Scholet Family Trust, 192 AD3d at 1435; Biles v Whisher, 160 AD3d at 1161). Although defendant's affidavit discusses several inconveniences associated with the common driveway, these do not constitute proof that defendant would be harmed by maintenance of the status quo — which [*3]had existed from 1980 until defendant blocked the driveway in 2020 (see Karabatos v Hagopian, 39 AD3d 930, 931-932 [3d Dept 2007]; Bonnieview Holdings v Allinger, 263 AD2d 933, 935 [3d Dept 1999]). Based on the foregoing, Supreme Court did not abuse its discretion in granting plaintiff a preliminary injunction (see Biles v Whisher, 160 AD3d at 1160-1161; Lew Beach Co. v Carlson, 57 AD3d at 1155-1156). We have examined the parties' remaining contentions and find them to be without merit or rendered academic.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff sought a temporary restraining order, which was granted by Supreme Court.