Darwish Auto Group, LLC v TD Bank, N.A. (2024 NY Slip Op 00955)

Darwish Auto Group, LLC v TD Bank, N.A.

2024 NY Slip Op 00955

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

CV-22-1961 CV-23-0925
[*1]Darwish Auto Group, LLC, et al., Respondents,
v
TD Bank, N.A., Defendant, and Walid Darwish, Appellant.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

Archer & Greiner, PC, New York City (Michael S. Horn of counsel), for appellant.
ArentFox Schiff LLP, New York City (Michael S. Cryan of counsel), for respondents.

Clark, J.
Appeals (1) from an order of the Supreme Court (Richard M. Platkin, J.), entered August 31, 2022 in Albany County, which, among other things, granted plaintiffs' motion for a preliminary injunction, and (2) from an order of said court, entered April 26, 2023 in Albany County, which denied defendant Walid Darwish's motion to dismiss the amended complaint.
Plaintiffs jointly own and operate 10 car dealerships throughout New York. Plaintiff Darwish Auto Group, LLC, plaintiff Darwish General Corp. and each of the car dealerships they co-own maintain separate bank accounts with defendant TD Bank, N.A. Plaintiffs commenced the instant action in late July 2022 alleging that defendant Walid Darwish (hereinafter defendant) had contacted TD Bank and unilaterally modified the bank account access for various users. According to plaintiffs, TD Bank then refused to modify the account access without defendant's individual approval. Consequently, plaintiffs sought a declaratory judgment directing TD Bank to implement the requested changes and requiring defendant to refrain from making further unilateral changes to the bank account access; plaintiffs also sought a preliminary injunction implementing such relief during the pendency of the action. Defendant opposed the injunctive relief, asserting that the changes were necessary to guard against fraud. Without an evidentiary hearing, Supreme Court granted plaintiffs' request and issued a preliminary injunction in August 2022. Thereafter, plaintiffs filed an amended complaint, which defendant moved to dismiss. In April 2023, Supreme Court denied the motion. Defendant appeals both orders.[FN1]
Initially, we turn to defendant's challenges to the preliminary injunction. "The decision to grant or deny a request for a preliminary injunction is committed to the sound discretion of the trial court, and our review is limited to whether Supreme Court has either exceeded or abused its discretion as a matter of law" (Camp Bearberry, LLC v Khanna, 212 AD3d 897, 898 [3d Dept 2023] [internal quotation marks and citations omitted]; see 23A Props., Inc. v New Mayfair Dev. Corp., 212 AD3d 900, 901 [3d Dept 2023])."The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005] [citations omitted]; accord Sardino v Scholet Family Trust, 192 AD3d 1433, 1434 [3d Dept 2021]). Notably, where the party seeking the injunction establishes these elements, questions of fact raised by the opposing party are insufficient, on their own, to deny the motion; rather, "the court shall make a determination by hearing or otherwise whether each of the elements required for issuance of a preliminary injunction exists" (CPLR 6312 [c]; see Cooperstown Capital, LLC v Patton, 60 AD3d 1251, 1252 [3d Dept 2009]; Albany Med. Coll. v Lobel, 296 AD2d 701, 702 [3d [*2]Dept 2002]; Frank May Assoc. v Boughton, 281 AD2d 673, 674-675 [3d Dept 2001]).
Here, plaintiffs sought a declaratory judgment directing TD Bank to change users' bank account access and requiring defendant to refrain from making further unilateral changes to users' bank account access. In support of their request for a preliminary injunction, plaintiffs submitted documentary evidence and the affidavit of plaintiffs' treasurer; in opposition, defendant submitted his own affidavit and documentary evidence relating to the bank accounts. In evaluating the success of the merits, we reviewed the documentary evidence submitted. The operating agreement for Darwish Auto, dated April 18, 2022, delegated the duties and responsibility of managing Darwish Auto to a management committee; as the sole member of Darwish Auto, defendant signed a document appointing himself, Barry Frieder and Mark Manzo as Darwish Auto's management committee on the same day. Similarly, the shareholders agreement for Darwish General, with the same date, delegated the duties and responsibilities of managing Darwish General to a board of directors and, as the sole shareholder, defendant signed a document appointing the same trio as Darwish General's board of directors on that day.[FN2] The operating agreement granted the management committee control over the bank accounts owned by Darwish Auto and its dealerships, while the shareholders agreement granted the board of directors similar control for Darwish General. In late July 2022, after learning that defendant had unilaterally modified bank account access for various users, the management committee of Darwish Auto and the board of directors of Darwish General (hereinafter collectively referred to as the governing bodies) issued a joint resolution, by the majority of each, specifying the individuals authorized to access the bank accounts and the type of access that each individual should have.
The operating agreement, the shareholders agreement and the two documents appointing the governing bodies — all of which bear defendant's signature — establish that the management of plaintiffs was delegated to their respective governing bodies, and that the governing bodies have a right to control the bank accounts at issue. In his affidavit, defendant admitted that he unilaterally modified users' access to the bank accounts. The treasurer set forth in his affidavit that TD Bank relied on outdated corporate governance documents, which designated defendant as the sole owner of plaintiffs and which cast doubt upon the governing bodies' authority; consequently, TD Bank refused to implement the joint resolution. When evaluating the success on the merits, defendant's explanation for making the modifications to prevent fraud does not affect plaintiffs' probability of success, as he lacked the authority to make unilateral decisions. We also reject his contention that the modifications had no effect on plaintiffs' day-to-day operations, as requiring defendant's [*3]individual approval for certain transactions would grant him unilateral authority that would undermine the authority of the governing bodies, as granted by the operating agreement and the shareholders agreement (hereinafter collectively referred to as the governance agreements). Having reviewed the documentary evidence, and considering defendant's own admissions, Supreme Court properly found that plaintiffs were likely to succeed on the merits (see CPLR 6301; see e.g. Cooperstown Capital, LLC v Patton, 60 AD3d at 1253; Frank May Assoc. v Boughton, 281 AD2d at 674-675).
We also find that plaintiffs established a danger of irreparable injury. Following defendant's bank modifications, TD Bank refused to recognize the authority of the governing bodies. The treasurer's affidavit detailed the financial effects that this would have on plaintiffs, including affecting their ability to make timely payments to car manufacturers, lenders and the dealerships' employees. We recognize that purely economic loss does not generally rise to the level of an irreparable injury, as it can be compensated through monetary damages (see Winkler v Kingston Hous. Auth., 238 AD2d 711, 712 [3d Dept 1997]). However, defendant's affidavit makes clear that he believed himself empowered to continue to engage in such conduct; allowing him to do so would wrestle control of plaintiffs' bank accounts away from the governing bodies. Because the governance agreements clearly entrust control of the bank accounts to the governing bodies, and because the financial effect detailed by the treasurer risks harming the reputation and goodwill associated with plaintiffs' business entities, plaintiffs established the requisite danger of irreparable injury (see Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 220 [4th Dept 2009], lv dismissed 85 AD3d 1656 [2011]; Cooperstown Capital, LLC v Patton, 60 AD3d at 1253; Battenkill Veterinary Equine v Cangelosi, 1 AD3d 856, 859 [3d Dept 2003]). The record also supports Supreme Court's balance of equities analysis, as plaintiffs' risk of harm far outweighs the harm that injunctive relief may cause defendant, as it merely prevents him from taking further unilateral action relating to the bank accounts, in accordance with the governance agreements and the joint resolution (see Sardino v Scholet Family Trust, 192 AD3d at 1435; Waldron v Hoffman, 130 AD3d 1239, 1240 [3d Dept 2015]). As such, Supreme Court did not abuse its discretion in granting plaintiffs' request for a preliminary injunction (see Cooperstown Capital, LLC v Patton, 60 AD3d at 1253; Lew Beach Co. v Carlson, 57 AD3d 1153, 1155 [3d Dept 2008]; Frank May Assoc. v Boughton, 281 AD2d at 674-675).
However, we agree with defendant that, on this record, it is not possible to discern whether Supreme Court set an appropriate undertaking. When granting a preliminary injunction, Supreme Court must require the plaintiff to post an undertaking (see CPLR 6312 [b]). The amount [*4]of the undertaking is left to the court's sound discretion, but it should bear some rational relation to the potential damages that the defendant would suffer if the preliminary injunction is ultimately deemed unwarranted (see Cooperstown Capital, LLC v Patton, 60 AD3d at 1253-1254; Bonded Concrete, Inc. v Town of Saugerties, 42 AD3d 852, 854-855 [3d Dept 2007]). Here, plaintiffs suggested an undertaking of $500 without further explanation; defendant failed to suggest a sum or to provide any evidence as to damages he might suffer.[FN3] In setting the undertaking at $10,000, Supreme Court failed to provide any rationale for reaching such sum, and the record is insufficient to allow us to determine an appropriate sum. Consequently, we must remit this matter to Supreme Court to fix an undertaking in a sum that bears a rational relation to the potential damages that defendant could recover if the injunction is ultimately deemed unwarranted (see Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d 872, 874 [2d Dept 2017]; see also Sardino v Scholet Family Trust, 192 AD3d at 1435; Cooperstown Capital, LLC v Patton, 60 AD3d at 1254).
Next, we turn to defendant's challenges to Supreme Court's denial of his motion to dismiss the amended complaint. Defendant argues that the amended complaint should have been dismissed because plaintiffs failed to state a cause of action for declaratory judgment, breach of fiduciary duty and breach of contract. "When considering a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failing to state a cause of action, courts must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the plaintiff the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Pierce v Archer Daniels Midland, Co., 221 AD3d 1382, 1383 [3d Dept 2023] [internal quotation marks and citations omitted]; see Dodson v Town Bd. of the Town of Rotterdam, 182 AD3d 109, 112 [3d Dept 2020]). A court "may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001). The amended complaint repeated the allegations contained in the original complaint, specifically, that defendant caused TD Bank to modify user access to plaintiffs' bank accounts and that TD Bank refused to comply with the joint resolution, and plaintiffs sought a final declaration recognizing the authority granted to the governing bodies by the governance documents, directing TD Bank to implement said resolution and ordering defendant to refrain from further unilateral action. Further, plaintiffs alleged that, since the issuance of the preliminary injunction, defendant had continued to interfere with day-to-day operations by, among other things, revoking certain users' access to the dealerships' car manufacturer accounts, obstructing the issuance of necessary car manufacturer [*5]approvals and blocking the sale of at least one underperforming dealership. As such, plaintiffs also sought a declaration directing defendant to refrain from such conduct. Defendant's argument that the declaration would be advisory lacks merit, as the facts alleged set out an ongoing controversy. Accepting the allegations as true and giving plaintiffs the benefit of every reasonable inference, plaintiffs sufficiently stated a claim for declaratory judgment (see e.g. Matter of Dashnaw v Town of Peru, 111 AD3d 1222, 1225 [3d Dept 2013]; compare Salvador v Town of Queensbury, 162 AD3d 1359, 1361 [3d Dept 2018]).
A claim for breach of fiduciary duty "requires the existence of a fiduciary relationship, misconduct by the defendant[ ] and damages directly caused by the misconduct" (Matter of Testani v Russell & Russell, LLC, 204 AD3d 1260, 1262 [3d Dept 2022]). Plaintiffs alleged that a fiduciary relationship existed because defendant was part of the governing bodies for both plaintiffs (see Limited Liability Company Law § 409 [a]; Business Corporation Law § 717 [a]); that he failed to discharge his duties in good faith due to his interference with the bank accounts, manufacturer accounts and manufacturer approvals, among other things; and that such conduct has caused plaintiffs to lose out on potential buyers for a dealership and endangered plaintiffs' relationships with car manufacturers. Accepting these allegations as true and giving plaintiffs the benefit of every reasonable inference, we find that plaintiffs sufficiently stated a claim for breach of fiduciary duty against defendant (see New York State Workers' Compensation Bd. v Fuller & LaFiura, CPAs, P.C., 146 AD3d 1110, 1112 [3d Dept 2017]). Similarly, reading the amended complaint liberally, plaintiffs stated a claim for breach of contract by alleging that defendant entered into an employment agreement with Darwish General that laid out certain income thresholds that would permit defendant to draw funds from Darwish General's bank account and that, in contravention of such term, defendant withdrew funds from Darwish General's bank account for his own personal use (see Evans v Deposit Cent. Sch. Dist., 139 AD3d 1172, 1174 [3d Dept 2016]; Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d 1255, 1261 [3d Dept 2013]).[FN4]
Defendant's argument that this state is not the proper forum, premised on a borrowing agreement and a contribution agreement, lacks merit, as the claims in the amended complaint do not stem from those documents. Rather, most of the allegations stem squarely from the governance agreements, each of which lists New York in its forum selection clause; as such, Supreme Court properly denied defendant's motion on these grounds (see CPLR 327 [a]; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]; see also Harry Casper, Inc. v Pines Assoc., L.P., 53 AD3d 764, 764-765 [3d Dept 2008]). Further, because the majority of [*6]the governing bodies approved suit by plaintiffs, they have standing to sue (see Business Corporation Law § 202 [a] [2]; Limited Liability Company Law § 202 [a]; compare NW Media Holdings Corp. v IBT Media Inc., 217 AD3d 528, 528-529 [1st Dept 2023]). We also reject defendant's assertion that necessary parties are missing, as the claims center on disputes between the governing bodies of plaintiffs, and defendant failed to establish how those outside entities are necessary to accord complete relief herein or how those entities might be inequitably affected by such relief (see CPLR 1001 [a]; Overocker v Madigan, 113 AD3d 924, 925-926 [3d Dept 2014]; compare JMMJ Dev., LLC v Woodvale Holdings, LLC, 207 AD3d 830, 831-832 [3d Dept 2022]; Matter of Farrell v City of Kingston, 156 AD3d 1269, 1270-1271 [3d Dept 2017]). Lastly, the documentary evidence submitted by defendant "fails to utterly refute plaintiff[s'] factual allegations and conclusively establish a defense as a matter of law" (Singe v Bates Troy, Inc., 206 AD3d 1528, 1531 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]; see CPLR 3211 [a] [1]; Hartshorne v Roman Catholic Diocese of Albany, N.Y., 200 AD3d 1427, 1429-1430 [3d Dept 2021]). As such, Supreme Court properly denied defendant's motion to dismiss the amended complaint in its entirety.
Defendant's remaining contentions, to the extent not expressly addressed herein, lack merit.
Egan Jr., J.P., Lynch, McShan and Mackey, JJ., concur.
ORDERED that the order entered August 31, 2022 is modified, on the law, without costs, by reversing so much thereof as set the sum of the undertaking; matter remitted to the Supreme Court to determine the sum of an undertaking in a manner not inconsistent with this Court's decision, and, pending said determination, the undertaking is set at $10,000; and, as so modified, affirmed.
ORDERED that the order entered April 26, 2023 is affirmed, without costs.

Footnotes

Footnote 1: TD Bank did not participate in the proceedings below and has not participated in the instant appeal.

Footnote 2: This organizational structure was put into effect to comply with a borrowing agreement that allowed plaintiffs to obtain a loan to acquire and fund the 10 car dealerships.

Footnote 3: We decline defendant's invitation to impose an undertaking in the sum of $61 million, as he failed to explain how he, as an individual, could suffer such an amount in damages.

Footnote 4: We also reject defendant's contention that the declaratory judgment claim is duplicative of the breach of contract claim, as each claim is premised on different factual allegations (compare Maldonado v DiBre, 140 AD3d 1501, 1505 [3d Dept 2016], lv denied 28 NY3d 908 [2016]).