Camp Bearberry, LLC v Khanna (2025 NY Slip Op 00254)

Camp Bearberry, LLC v Khanna

2025 NY Slip Op 00254

Decided on January 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 16, 2025

CV-23-2055
[*1]Camp Bearberry, LLC, Respondent,
v
Rachel Khanna, as Trustee, Appellant.

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Bousquet Holstein PLLC, Syracuse (James L. Sonneborn of counsel), for appellant.
Law Office of James M. Brooks, Lake Placid (James M. Brooks of counsel), for respondent.

Powers, J.
Appeal from an order of the Supreme Court (Glen T. Bruening, J.), entered October 5, 2023 in Essex County, which, among other things, searched the record and granted summary judgment to plaintiff.
This Court is familiar with the facts, having previously affirmed Supreme Court's order granting plaintiff's request for a preliminary injunction (212 AD3d 897 [3d Dept 2023]). In short, plaintiff owns a parcel of real property known as lot 5 in the Chipmunk Lane area subdivision in the Town of North Elba, Essex County. Defendant owns neighboring parcel lot 3 and two nonparties own neighboring parcels lots 6 and 7. Because lot 5 does not have access to Chipmunk Lane, in 1980 plaintiff's predecessor was granted an easement over lots 3, 6 and 7, with an additional triangular-shaped easement over lot 3 added in 1982. Katherine Smith [FN1] owned lot 5 in 2015, at which time she agreed to release her easement over lots 6 and 7 in exchange for a parking easement and ownership of a strip of vacant land over lot 6. The attorney representing the owners of lots 6 and 7 drafted two deeds accomplishing this transaction — in which defendant's predecessor was not involved.[FN2]
Defendant began blocking plaintiff's access to the easement in 2020, after having previously claimed that the 2015 deed extinguished the easement over lot 3. As a result, plaintiff commenced the instant action pursuant to RPAPL article 15, CPLR 3001 and article 63 seeking, among other things, a declaration of plaintiff's easement rights and a permanent injunction against defendant barring interference with such rights. As previously mentioned, Supreme Court granted plaintiff's request for a preliminary injunction restraining defendant from interfering with plaintiff's easement rights over lot 3, and we affirmed (212 AD3d at 900). Following joinder of issue, defendant moved for summary judgment dismissing the amended complaint and for sanctions. The court denied defendant's motion, finding that the 2015 deed was unambiguous and extinguished lot 5's easement over only lots 6 and 7 and not over lot 3. The court then searched the record and granted summary judgment to plaintiff, as the nonmoving party. Defendant appeals.
Initially, defendant argues that plaintiff's first cause of action cannot be read to allege that the deed was erroneous or false because she sought to correct a scrivener's error and, relatedly, that this cause of action cannot be levied against her as a nonparty to the 2015 deed. This argument is belied by a simple reading of the complaint. "[I]n considering the true nature of a cause of action, the court may look beyond how the claim is labeled by a plaintiff" (Liberty Sq. Realty Corp. v Doe Fund, Inc., 202 AD3d 55, 63 [1st Dept 2021] [internal quotation marks and citation omitted], lv dismissed 38 NY3d 1124 [2022]; see Doe v State Univ. of N.Y., Binghamton Univ., 201 AD3d 1075, 1076 [3d Dept 2022]). Though defendant is correct that plaintiff labelled the first cause of action as seeking [*2]to correct a scrivener's error, plaintiff also expressly sought a judicial declaration that the 2015 deed did not release the easement over lot 3 — precisely the relief granted by Supreme Court that defendant challenges before this Court.
Real Property Law § 240 (3) dictates that "[e]very instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." Thus, "a court will only look outside the four corners of the deed to establish the intent of the parties when . . . that instrument is found to be ambiguous" (Pepe v Antlers of Raquette Lake, Inc., 87 AD3d 785, 787 [3d Dept 2011]). Language of a deed is ambiguous where it "is susceptible [to] more than one interpretation" (Torpy's Pond & Outdoor Club, Inc. v DuSell, 198 AD3d 1218, 1219 [3d Dept 2021] [internal quotation marks and citation omitted]; see Webster v Ragona, 7 AD3d 850, 853-854 [3d Dept 2004]). "If a deed describes property by reference to a filed map or plat, the filed map must be taken as part of the deed, and explanatory notes contained on the map become part of the description" (Cannon v Hampton, 198 AD3d 1230, 1233 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see D'Andrea v 3 Unqua Place, LLC, 222 AD3d 830, 831 [2d Dept 2023]). It is well settled that the construction of a deed is a matter of law for the court to decide (see Lewis v Young, 92 NY2d 443, 449 [1998]; George v Bainbridge St Realty II, Inc., 221 AD3d 584, 585 [2d Dept 2023]; Mentiply v Foster, 201 AD3d 1051, 1055 [3d Dept 2022]; BPGS Land Holdings, LLC v Flower, 198 AD3d 1344, 1346 [4th Dept 2021]). Consequently, so too is the determination of whether the language contained within the deed is unambiguous (see Hurd v Lis, 92 AD2d 653, 654 [3d Dept 1983]).
Defendant does not contest that plaintiff, as the owner of lot 5, had an easement for ingress and egress over lot 3 as established by the 1980 deed and expanded by the 1982 deed. Rather, defendant claims that this easement was extinguished by the 2015 deed. "Once [an] easement [appurtenant] is created, it can only be extinguished by abandonment, conveyance, condemnation or adverse possession" (Witecki v Saratoga Lakeside Acres Assn., Inc., 201 AD3d 1175, 1177 [3d Dept 2022] [citation omitted]). Based upon the well-established principles outlined above, the relevant question before this Court is whether the language of the 2015 deed operated to fully extinguish the easement in question. Therefore, the extrinsic evidence the parties put forth is not relevant to that determination and neither are many of the arguments they present before this Court (see McConnell v Wright, 151 AD3d 1525, 1526 [3d Dept 2017]; Perry v Edwards, 79 AD3d 1629, 1630 [4th Dept 2010]).
The 2015 deed states that Smith "does for herself, her heirs, successors and assigns hereby grant, remise [*3]and release unto [the owners of lots 6 and 7] . . . [a]ll right, title and interest in and to a certain right of way for ingress and egress for the benefit of [l]ot 5 of the Whiteface Inn Subdivision, Town of North Elba, Essex County, New York depicted on [the] map entitled 'Whiteface Inn, Block C' filed in the Essex County Clerk's Office as Map No. 3114 over or through [l]ot 7 and [l]ot 6 of the said Subdivision as same is described as 'Common Driveway [l]ots 3, 5 and 6' in [the 1980 deed]." The 2015 deed declares that "[i]t is the intent of [Smith] to terminate and extinguish the above right of way/common driveway in its entirety forever" and specified that the "right of way/common driveway is shown on the attached Schedule A." Schedule A was appended to the 2015 deed and depicts the right-of-way, with the notation "Driveway Easement (to be released)."
The language contained in the 2015 deed was not susceptible to more than one meaning and, thus, we find it to be unambiguous (see BPGS Land Holdings, LLC v Flower, 198 AD3d at 1347; Deckoff v W. Manning Family L.P., 193 AD3d 812, 814 [2d Dept 2021]; Datena v JP Morgan Chase Bank, 73 AD3d 683, 685 [2d Dept 2010], lv denied 17 NY3d 704 [2011]). The express terms of the 2015 deed limit the release of the easement to only that "over or through [l]ot 7 and [l]ot 6" with no specific mention in the relevant portion of the 2015 deed to lot 3. "[T]he expression of one thing implies the exclusion of the other" (Hasselback v 2055 Walden Ave., Inc., 139 AD3d 1385, 1388 [4th Dept 2016] [internal quotation marks and citation omitted]). Accordingly, we cannot accept defendant's argument that the easement over lot 3 was also meant to be released, because it was not included in the specific language of the release itself. The reference in the 2015 deed to the " 'Common Driveway [l]ots 3, 5 and 6' " did not render the foregoing language ambiguous or serve to expand the release as this language may only be reasonably interpreted to clarify that the release was referring to the easement created in the 1980 deed. Furthermore, the added reference to Schedule A simply guides in the location of the easement (see generally Liberty Sq. Realty Corp. v Doe Fund, Inc., 202 AD3d at 67).[FN3] Thus, the unambiguous language of the 2015 deed establishes that Smith did not extinguish the easement she possessed as the owner of lot 5 over lot 3, and that this easement passed to plaintiff by the conveyance of lot 5 (see Dowd v Ahr, 78 NY2d 469, 473-474 [1991]; Bailey v Dimick, 129 AD3d 1165, 1167 [3d Dept 2015]; Dewey v Gardner, 248 AD2d 876, 879 [3d Dept 1998]; Firsty v De Thomasis, 177 AD2d 839, 841 [3d Dept 1991]; compare Stone v Donlon, 156 AD3d 1308, 1311 [3d Dept 2017], lv dismissed 31 NY3d 1109 [2018], lv denied 33 NY3d 903 [2019]). Supreme Court properly denied defendant's motion for summary judgment and searched the record to grant summary judgment to plaintiff (see CPLR 3212 [b]).
Clark, J.P., Lynch, Reynolds Fitzgerald and Ceresia[*4], JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Smith, who presently serves as plaintiff's managing member, conveyed the property to plaintiff in 2018.

Footnote 2: Although the transaction was completed by the filing of two deeds, only the deed dated November 17, 2015 is relevant for purposes of this appeal. Therefore, references to the 2015 deed are to the deed dated November 17, 2015.

Footnote 3: We are mindful that the language in the 2015 deed specifying that the "right of way/common driveway is shown on the attached Schedule A" appears to be in a different font and, coincidentally, this Court was provided a Supplemental Record on Appeal containing the same deed that does not include this language. Moreover, the creation of Schedule A postdates the 2015 deed, as it is dated December 2, 2015, and the deed was signed November 17, 2015. While these facts give us pause, they are not relevant to this action inasmuch as the release is unambiguous even when supplemented by Schedule A.